IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MODESTO CRUZ,** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | |
| vs. | : | |
| | : | NO. 08-204 |
| **MICHAEL J. ASTRUE,** | : | |
| **Commissioner of Social** | : | |
| **Security** | : | |
| **Defendant.** | : | |

## MEMORANDUM

**LYNNE A. SITARSKI**                                              **DATE: January 29, 2009**
**UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Modesto Cruz ("plaintiff") brought this action pursuant to 42 U.S.C. § 405 (g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  42 U.S.C. §§ 401, *et seq*.  On August 21, 2008, a notice, consent, and order of reference was filed by consent of the parties and order of court in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, giving this Court jurisdiction to order the entry of final judgment and conduct all post-judgment proceedings in connection with this matter.  Oral argument was held on January 12, 2009 and both parties subsequently submitted supplemental briefs at the request of the Court.

      For the reasons set forth below, this case shall be remanded to the Commissioner of Social Security for further proceedings consistent with this Memorandum.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

      Plaintiff was born on February 12, 1947.  (R. at 27).  He completed the ninth grade in Puerto Rico.  (R. at 177).  Prior to 1996, plaintiff worked as a fabric machine attendant.  (R. at

319).  From 2000 to 2005, plaintiff worked as a rolling machine attendant.  (R. at 319).

Plaintiff alleges that his disability began on November 23, 1996.  In this appeal, he seeks an award of disability benefits for a closed period from November 23, 1996 through November 15, 2000.  (R. at 362).  Plaintiff began working again on November 15, 2000 for the same company and continued working there until they relocated in 2005.  Plaintiff was found to be disabled and awarded benefits from November 7, 2005 to date.  (R. at 318-19).  This award of benefits has not been challenged by either party.

With respect to the denial of benefits that is at issue in this case, plaintiff claims that he was disabled for a closed period from 1996 to 2000 due to back and neck impairments.  (R. at 187).  During that time, plaintiff took various medications and underwent physical therapy for management of his pain.  (R. at 57, 179-80).

Plaintiff applied for DIB on August 22, 1997.  (R. at 46).  On December 3, 1997, his claim was denied.  (R. at 27).  Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ), which was held on November 19, 1998.  (R. at 176-197).  The ALJ denied plaintiff's request for benefits on March 18, 1999.  (R. at 11-19).  The Appeals Council denied his request for review on October 11, 2001.  (R. at 3-4).  Plaintiff filed a civil action on November 19, 2001 (Dckt. No. 01-cv-5795).  The District Court granted in part, plaintiff's Motion for Summary Judgment and remanded the matter to the Commissioner for consideration of all the relevant medical evidence in determining plaintiff's RFC and his ability to return to his past relevant work.  (R. at 218-226).

On remand, plaintiff sought disability benefits for a closed period of time from November 23, 1996 through November 15, 2000. (R. at 212).  The ALJ held a hearing on August 13, 2004.  (R. at 289).  The ALJ found that plaintiff was not disabled and that he could return to his past

relevant work as a machine operator. (R. at 217). Plaintiff appealed the second ALJ's decision to the Appeals Council, which declined review on February 21, 2006. (R. at 198).

Plaintiff filed another civil action on March 2, 2006 (Dckt. No. 06-1008). On July 17, 2006, the Commissioner filed an Uncontested Motion For Remand (R. at 351), seeking remand for the ALJ to: (1) reevaluate plaintiff's RFC considering the state agency opinions; (2) address the treating physician's opinions that plaintiff is disabled and provide rationale for the weight assigned those opinions; (3) obtain vocational expert testimony to determine the physical and mental demands of plaintiff's past work; and (4) in the event plaintiff is unable to perform past work, determine if there are any other jobs plaintiff can perform. (R. at 352). This uncontested motion was granted on July 19, 2006 (R. at 348).

Plaintiff also filed a second application on April 17, 2006 seeking benefits from August 30, 2004 forward. (R. at 373-75, 408). Plaintiff was granted benefits pursuant to this application. (R. at 371-72). In the second remand order, the Appeals Council consolidated the remanded action with the new application for consideration by the ALJ. (R. at 360-61).

A third hearing was held on April 24, 2007. (R. at 311). On September 26, 2007, the ALJ denied benefits for the closed period from November 23, 1996 to November 15, 2000, but granted benefits from November 7, 2005 forward. (R. at 310-21).

Plaintiff filed this civil action on January 11, 2008, challenging the denial of benefits for the closed period from November 23, 1996 to November 15, 2000. As noted above, the parties have consented to magistrate judge jurisdiction, and this matter is therefore before me on the parties' motion for summary judgment.

---

**II.    SOCIAL SECURITY DISABILITY LAW**

    **A.    Disability Determination**

The Social Security Act authorizes several classes of disability benefits, including Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB).  To establish a disability under the Social Security Act a claimant must show that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Fargnoli v. Massanari*, 247 F.3d 34, 38-9 (3d Cir. 2001)(*quoting Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)); 42 U.S.C. § 423(d)(1) (2004).  A claimant can establish a disability in either of two ways: (1) by producing medical evidence that one is disabled *per se* as a result of meeting or equaling certain listed impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2000), or (2) by demonstrating an impairment of such severity as to be unable to engage in any kind of substantial gainful work which exists in the national economy.  *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

The Commissioner's regulations provide a five-step sequential evaluation process for determining whether a claimant is under a disability.  20 C.F.R. § 404.1520.  The first inquiry is whether the claimant is performing substantial gainful employment, and if he is, he is not disabled.  20 C.F.R. § 404.1520(a)(4)(I).  If the claimant is not performing substantial gainful work, the second step is to determine whether his impairments are "severe."  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant is found to have a severe impairment, the third step is to determine if the impairment has lasted or is expected to last for a continuous duration of at least 12 months, and whether the claimant's impairments meet or medically equal a listed impairment contained in Appendix 1, Subpart P, Regulations No. 4.  20 C.F.R. § 404.1520(a)(4)(iii).  If so, the claimant is presumed disabled without further inquiry.  20 C.F.R. § 404.1520(a)(4)(iii).  If the

claimant fails to meet or medically equal a listing, step four dictates that the claimant's past relevant work be evaluated as well as his residual functioning capacity (RFC). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant's impairments do not prevent him from doing her past relevant work, he is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant's impairment prevents him from performing past relevant work, step five is to determine if other work exists in significant numbers in the national economy that accommodates claimant's RFC and vocational factors. 20 C.F.R. § 404.1520(a)(4)(v). If other work exists, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(v).

### B. Judicial Review of Disability Decisions

The role of this Court on judicial review is to determine whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Fargnoli*, 247 F.3d at 38; *Knepp v. Apfel*, 204 F.3d 78, 84 (3d Cir. 2000). Accordingly, judicial review of the Commissioner's decision is limited to determining whether "substantial evidence" supports the decision. *Monsour Medical Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986). Substantial evidence is defined as the relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence consists of more than a mere scintilla of evidence but is less than a preponderance of the evidence. *Id*.

The Third Circuit has instructed, "A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores or fails to resolve a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence . . . or if it really constitutes not evidence but mere conclusion." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). Thus, the substantial evidence standard embraces a qualitative review of the

evidence, and not merely a quantitative approach. *Id.*; *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

It is not the role of the court to re-weigh the evidence of record or substitute its own conclusions for those of the ALJ. *See e.g., Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). If the conclusion of the ALJ is supported by substantial evidence, this Court may not set aside the Commissioner's decision, even if it would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). This presumption applies both to findings of fact and to inferences reasonably drawn from that evidence. *See Fargnoli*, 247 F.3d at 38 ("[w]here the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently").

**III.   THE ALJ'S DECISION**

The ALJ found that plaintiff suffered degenerative disc disease and that this was a severe impairment. (R. at 314). The ALJ did not find that plaintiff's impairment met or equaled a listing. (R. at 314). Based on a review of the entire record, the ALJ found that plaintiff had an RFC for a full range of light work and that beginning on November 7, 2005, plaintiff was only able to perform a full range of sedentary work. (R. at 314-18).

The ALJ found that plaintiff was not able to return to his past relevant work as a fabric machine attendant, which he performed from 1996-2000. (R. at 319). The ALJ also found that beginning November 2005, plaintiff was unable to return to his past relevant work as a rolling machine attendant, which he performed from 2000-2005. (R. at 319).

Plaintiff's was 49 years of age on the alleged disability onset date. During the closed period for which plaintiff sought disability benefits, November 23, 1996 to November 15, 2000,

plaintiff qualifies as a "younger individual." The ALJ found that plaintiff has a limited education and is able to communicate in English within the meaning of 20 C.F.R. § 404.1564. (R. at 320).

The ALJ directly applied Medical Vocational Rule 202.18 requiring a finding of "not disabled," and stated that prior to November 7, 2005, there were a significant number of jobs in the national economy which plaintiff was able to perform. (R. at 320).

Since November 7, 2005, plaintiff is considered an individual of advanced age (20 C.F.R. § 404.1563). The ALJ found that beginning on this date, plaintiff would not be able to transfer any job skills to other occupations. Therefore, the ALJ concluded that from November 7, 2005 forward, a finding of "disabled" is warranted based upon the application of Medical Vocational Rule 201.02. (R. at 320).

## IV.   PLAINTIFF'S REQUEST FOR REVIEW

Plaintiff alleges: (1) plaintiff's second filing for disability benefits was improperly consolidated with the first, remanded claim resulting in an evidentiary/administrative error; (2) the ALJ failed to provide a legally acceptable explanation for rejecting the opinion of plaintiff's treating physician; (3) the ALJ failed to give an adequate explanation for her rejection of the statements and testimony of plaintiff; (4) the ALJ erred in rejecting the testimony of plaintiff's daughter without explanation; and (5) the ALJ did not adequately explain her assessment of plaintiff's RFC.

## V.   DISCUSSION

As noted above, this Court's function upon review is limited to the question of whether the ALJ's decision is supported by substantial evidence. In order for this Court to discharge this

function, the administrative decision of the ALJ should be accompanied by a "clear and satisfactory explanation of the basis on which it rests." *Cotter v. Harris,* 642 F.2d 700, 704 (3d Cir. 1981).

> A. **The Consolidation of Plaintiff's Second Application and Remanded Claim Resulted in Harmless Error.**

Plaintiff's first application ultimately sought benefits for a closed period from November 23, 1996 to November 15, 2000. While this case was pending, plaintiff filed an second application for benefits alleging an onset date of August 30, 2004. As a result of the second application benefits were awarded from November 7, 2005 forward, however, the date of this award is not clear. (R. at 371-72). On December 19, 2006, the Appeals Council consolidated the first claim, which had been remanded, with the second application for consideration by the ALJ. (R. at 360-61).

The ALJ considered both time periods in her review of the record and found that plaintiff was not disabled from November 23, 1996 to November 15, 2000, but that he was disabled from November 7, 2005 forward. (R. at 310-21). The award of benefits from November 7, 2005 forward is consistent with the award of benefits previously granted to plaintiff.

Plaintiff has alleged that the Appeals Council erred in consolidating the two claims because they involve different time periods. Even assuming that the Appeals Council erred in entering this Order, plaintiff has failed to identify any harm caused by the consolidation. At oral argument, the plaintiff argued that the consolidation somehow jeopardizes the award of benefits from November 7, 2005 onward. However, neither party has asserted any challenge to this award of benefits, and this Court obviously will not consider an issue that is not properly before it. Given the absence of any quantifiable harm to plaintiff, any error in consolidating the two cases

is harmless.  *See Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) (harmless error not affecting the outcome of the case fails to merit remand).

Accordingly, plaintiff's allegations of improper consolidation is meritless.

### B.   The ALJ Did Not Adequately Explain Her Treatment of Dr. Ice's Opinion.

Plaintiff next alleges that the ALJ did not give an adequate explanation of her assessment of Dr. Ice's opinion, in violation of SSR 96-5p.

"An ALJ may reject outright the opinions of a treating physician only on the basis of contradictory medical evidence, but may afford a treating physician's more or less weight depending upon the extent to which supporting explanations are provided." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)(citing *Newhouse*, 753 F.2d at 286).  When there is a conflict in the medical evidence, the ALJ may choose whom to credit but "cannot reject evidence for no reason or for the wrong reason." *Id.* at 429 (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993)).  An ALJ may not reject the treating physician's assessment due to her own "credibility judgments, speculation or lay opinion." *Morales*, 225 F.3d at 317 (citations omitted).

A treating physician's opinion on the nature and severity of an impairment will be given controlling weight only where it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record.  20 C.F.R. § 404.1527 (d)(2); *see also Fargnoli*, 247 F.3d at 43.  If, however, a treating physician's opinion conflicts with other medical evidence, the ALJ is free to give that opinion less-than-controlling weight or even reject it, so long as the ALJ clearly explains her reasons and makes a clear record.  *See Jones v. Sullivan,* 954 F.2d 125, 129.  When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors, including the opinion's

supportability, consistency and specialization.  *See* 20 C.F.R. § 404.1527(d)(2).  An ALJ need not defer to a treating physician's opinion about the ultimate issue of disability; that determination is an administrative finding reserved to the Commissioner.  *See* 20 C.F.R. § 404.1527(e).

The record shows that the ALJ considered the opinions of Dr. Melanie Ice, D.O., plaintiff's family practitioner.  *See* R. at 317-19.  Dr. Ice's notes of record date back to 1986. (R. at 90-1).  The ALJ takes note of several opinions authored by Dr. Ice in the record (R. at 316-19) which address plaintiff's work capability during the closed period from November 23, 1996 to November 15, 2000.  (R. at 80, 82, 253, 263).

In April 2007, Dr. Ice completed a medical source statement which specifically addresses the closed period from November 23, 1996 to November 15, 2000.  (R. at 495).  Dr. Ice found that during an eight hour work day, plaintiff could:  (1) lift 1-2 lbs occasionally, and zero pounds frequently; (2) stand/walk for ½ hour at a time and a total of 2 hours during the workday; (3) sit for one hour at a time and a total of 2 hours during the workday; (4) reach for one hour at a time with his right hand and 1 hour overall during the workday (5) reach for ½ - 1 hour at one time with the left hand and ½ to 1 hour overall during the workday.  (R. at 495-96).  The ALJ agreed with Dr. Ice's assessment of plaintiff's condition, but only for the time period from November 7, 2005 forward.  Specifically, the ALJ stated, "[t]his assessment is found to be generally consistent with and supported by the evidence of record after the claimant's injury in November 2005. Therefore, this assessment has been afforded substantial weight."  (R. at 319).   It appears that the ALJ misread the relevant time period addressed in Dr. Ice's assessment.

Of course, the ALJ need not accept a treating physician's conclusory statements as to the ultimate issue of disability, especially when those conclusions conflict with the treating

physician's own notes as well as other medical evidence.  *See* 20 C.F.R. § 404.1527(e).

However, the ALJ's decision in this case seemingly fails to take into account that Dr. Ice's April 2007 medical source statement solely opines as to plaintiff's condition for the closed period from November 1996 to November 2000.  While it may not have been improper to reject such an opinion, especially in light of the remoteness in time that the statement was authored in relation to the relevant time period, the ALJ does not address this assessment, and appears to believe that the 2007 statement addressed a time period from 2005 forward as opposed to the closed period from November 1996 to November 2000.  Immediately after stating that Dr. Ice's April 2007 statement was afforded substantial weight in finding plaintiff disabled from 2005 forward (a time period which is not in fact addressed in Dr. Ice's 2007 statement), the ALJ purports to rely on this statement in rejecting a state agency assessment dated December 29, 2006, which is classified as a "current evaluation."[1]  (R. at 488).

Accordingly, this matter will be remanded for the ALJ's consideration of Dr. Ice's April 2007 medical source statement as it relates to the closed time period from November 23, 1996 to November 15, 2000.

Given this finding, I will not at this time address plaintiff's remaining arguments concerning the ALJ's alleged rejection of plaintiff's testimony, the alleged failure to give proper consideration to the plaintiff's daughter's testimony, and the alleged errors in considering plaintiff's RFC for the closed period of disability at issue in this appeal.  The failure to properly

---

[1] As a side note, this state agency assessment, after originally finding plaintiff capable of performing tasks consistent with light work, with several caveats (R. at 488-492), ultimately concludes that "the claimant is found disabled with an EOD of 11/7/005." (R. at 494).  The ALJ purports to afford little weight to this assessment, however, comes to the same conclusion as the state assessor.

11

address the 2007 assessment by Dr. Ice makes it impossible to evaluate whether the ALJ's ultimate conclusions are supported by substantial evidence.

I therefore remand this matter to the ALJ for consideration of Dr. Ice's 2007 assessment of plaintiff for the closed period of disability (November 23, 1996 to November 15, 2000) only. The ALJ may deem it appropriate to revisit or clarify her findings as they relate to the other issues raised by plaintiff.  The necessity and propriety of doing so is left to the ALJ.

VI. CONCLUSION

For the foregoing reasons, this matter is hereby remanded to the ALJ to explicitly consider and address Dr. Ice's April 2007 assessment for the time period from November 23, 1996 to November 15, 2000.

An appropriate order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
**LYNNE A. SITARSKI**
**UNITED STATE MAGISTRATE JUDGE**