IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MODESTO CRUZ, | : | CIVIL ACTION |
| Plaintiff, | : | |
| vs. | : | |
| | : | NO. 08-204 |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social | : | |
| Security, | : | |
| Defendant. | : | |

# MEMORANDUM

LYNNE A. SITARSKI                          DATE:  DECEMBER 18, 2009
UNITED STATES MAGISTRATE JUDGE

Before this court is a motion to amend judgment, in which plaintiff Modesto Cruz ("plaintiff") challenges this Court's denial of his motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  For the reasons that follow, plaintiff's motion to amend the judgment is DENIED.

## I. BACKGROUND AND PROCEDURAL HISTORY

The Background and Procedural History of this case has been set forth in this Court's Memoranda dated January 29, 2009 (Doc. No. 18), and June 22, 2009 (Doc. No. 23), so will not be repeated here.  The procedural history of particular relevance to the present motion can be summarized as follows:

Plaintiff filed a third civil action on January 11, 2008, challenging the denial of benefits for the closed period from November 23, 1996 to November 15, 2000.  The parties consented to magistrate judge jurisdiction and this Court issued a Memorandum and Order dated January 29, 2009, granting in part and denying in part plaintiff's Request for Review, and remanding the case

to the ALJ for proper assessment of the 2007 Medical Source Statement Concerning Nature and Severity of Impairments (Statement) completed by Melanie Ice, D.O.

On March 17, 2009, plaintiff filed a motion for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412. The Commissioner filed a brief in opposition to this motion, and plaintiff filed a reply brief. The court denied the motion on June 22, 2009. Plaintiff filed the instant motion for relief from judgment on July 7, 2009.

## II.     ANALYSIS

"A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)(internal quotation marks, brackets and citation omitted).

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D.Pa.2002). Reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *Hill v. Tammac Corp.*, 2006 WL 529044, at *2 (M.D.Pa. Mar. 3, 2006). "The purpose of the motion for reconsideration is to correct manifest error of law or fact or to present newly discovered evidence," *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), and the movant bears the burden of showing "manifest errors of law or fact or new evidence." *Egervary v. Rooney*, 80 F.Supp.2d 491, 506 (E.D.Pa.2000) (citation omitted). "[A] motion for reconsideration addresses only factual and legal matters that the Court

2

may have overlooked. [It is improper] to 'ask the Court to rethink what [it] had already thought through-rightly or wrongly.' " *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D.Pa.1993) (citation omitted).

Importantly, the reconsideration of a judgment is an extraordinary remedy. "Because of the interest in finality ... courts should grant motions for reconsideration sparingly." *Rottmund v. Cont'l Assurance Co.*, 813 F.Supp. 1104, 1107 (E.D.Pa.1992); *see also D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D.Pa.1999).

Plaintiff contends that the court improperly denied his motion for costs in addition to attorney's fees; improperly intruded upon the Commissioner's role in the fact-finding process by making a credibility determination as to Dr. Ice's 2007 Medical Source Statement; and erred as a matter of law by failing to apply Third Circuit precedent.

### A. **Plaintiff's Claim For Costs**.

Plaintiff's first argument, that the court misapprehended controlling law in failing to award costs as provided in 28 U.S.C. § 2412(a), is without merit. Plaintiff correctly quotes the applicable subsection of the statute, which provides in part:

> [e]xcept as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, *may be* awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

28 U.S.C. § 2412(a)(1) (emphasis added).

It is clearly within the court's discretion to award costs under this statute. Plaintiff has not cited any case law to support his contention that the law was misapprehended because this court failed to award costs; plaintiff instead argues that the court erroneously applied the

3

"substantial justification defense."[1]

As the statute clearly states, the court *may award* such costs. Giving due consideration to all the circumstances in this case, the court declined to award costs in this case. The court did not commit a clear error of law in discharging this discretionary function. Therefore, plaintiff's motion to amend judgment on this basis is denied.

> B. **Plaintiff's Claim That The Court Overstepped Its Authority and Made A Credibility Determination As To Dr. Ice's Medical Source Statement**.

Plaintiff argues that this court improperly made a credibility determination as to Dr. Ice's Medical Source Statement, and that such credibility determinations are a task reserved to the Commissioner.

As stated in the Court's Memorandum denying plaintiff's EAJA motion, to satisfy the substantial justification inquiry, the government must demonstrate: (1) reasonable basis in the truth for the facts alleged; (2) reasonable basis in the law for the theory propounded; and (3) reasonable connection between the facts alleged and legal theory advanced. *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993).

In this case, the government argued that the ALJ had a reasonable basis in truth for the facts alleged, even though she misread the dates in Dr. Ice's opinion. Thus, the government

---

[1] The Third Circuit has not directly addressed the standard to be used in awarding costs in an EAJA matter. *See Morgan v. Perry*, 142 F.3d 670 (3d Cir. 1998) (court explicitly declined to address plaintiff's argument that the award of costs is not dependent on the reasonableness of defendant's position because bill of costs was not filed in compliance with the statute). However, the Third Circuit has denied plaintiffs' EAJA fee petitions without a separate discussion as to the denial of costs. *See Kiareldeen v. Ashcroft*, 273 F.3d 542 (3d Cir. 2001) (denying plaintiff's EAJA petition for fees and costs in its entirety because the government's position was substantially justified, but not discussing denial of fees separately); *see also Ruiz v. Com'r of Soc. Sec.,* F. Appx 379 (3d Cir. 2008)(same); *see also Hirsch v. Corban Corp., Inc.*, 968 F.Supp. 239 (E.D. Pa. 1997)(same).

argued, its position was substantially justified. This court reviewed the record as a whole, and accepted the government's argument. This was not a credibility finding, but rather an application of the test set forth by the Third Circuit in assessing EAJA petitions.

For these reasons and the rationale set forth in the court's June 23, 2009 Memorandum, plaintiff's claim is found to be meritless.

C. **Plaintiff's Claim That The Court Did Not Follow Third Circuit Precedent.**

Plaintiff last claims that the Court did not follow Third Circuit precedent,[2] namely *Coup v. Heckler*, 834 F.2d 313 (3d Cir. 1987) (holding that a decision not supported by substantial evidence cannot be found to be substantially justified absent extraordinary circumstances) abrogated on other grounds by *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002); *Tressler v. Heckler*, 748 F.2d 146 (3d Cir. 1984)(government's burden to show substantial justification is a heavy one); and *Washington v. Heckler*, 756 F.2d 959 (3d Cir. 1985)(a government position that offends established precedent is not substantially justified).

In *Coup*, 834 F.2d 313, 319, the Third Circuit stated "agency action found to be ... unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act. Only the most extraordinary circumstances could permit such an action to be found substantially justified under the Act." (citations omitted). Thereafter, the Third Circuit rejected a *per se* rule requiring extraordinary circumstances to exist before a decision that was not supported by substantial evidence could be found to have been "substantially justified." *See Taylor v. Heckler*, 835 F.2d 1037, 1043-44 (3d Cir. 1987).

---

[2] In the Court's June 23, 2009 Memorandum (Doc. No. 23), the court cited United States Supreme Court and Third Circuit precedent which guided the court's analysis. The extensive case law cited will not be re-written here.

The Third Circuit decision in *Russell v. Heckler*, 814 F.2d 148, 153 (3d Cir. 1987), followed these decisions. Subsequent to these decisions, the United States Supreme Court clarified the standard to be used in determining whether substantial justification exists. *See Pierce v. Underwood*, 487 U.S. 552 (June 27, 1988). *Russell* was remanded in light of the decision in *Pierce*. On remand, although the court still found the ALJ's decision was not substantially justified, it abandoned its first analysis requiring extraordinary circumstances and used the new standard set forth in *Pierce*: substantially justified means "justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person i.e., having a reasonable basis both in law and in fact." *Russell v. Heckler*, 866 F.2d 638, 639 (3d Cir. 1989) *citing Pierce*, 487 U.S. at 565 (internal quotations omitted).[3]

Accordingly, this court did not commit a clear error of law in failing to use this standard in its analysis and dismisses plaintiff's argument in this regard.

Plaintiff's argument that the Court failed to apply the standard in *Tressler v. Heckler*, 748 F.2d 146 (3d Cir. 1984) must also fail. Although this case was not explicitly cited in the court's opinion, the court correctly applied the applicable standards and specifically noted that the Commissioner bears the burden of proving substantial justification. The fact that the court did

---

[3] Although not explicitly rejected, the Third Circuit has not used the "extraordinary circumstances" standard in any social security case after *Pierce* was decided. However, there appears to be some discord among the District Courts of this Circuit regarding the use of this standard since *Pierce* was decided *See eg. Thierry v. Bowen*, 1989 WL 829 (E.D. Pa. 1989)(applying extraordinary circumstances test to assess an ALJ decision not supported by substantial evidence); *Balsamo v. Sec.* HHS, 1989 WL 22369 (D. N.J. 1989)(same); *Thompson v. Barnhart*, 2006 WL 3742770 (E.D. Pa. 2006)(same); *cf. Corona v. Barnhart*, 431 F.Supp.2d 506 (E.D. Pa. 2006)(applying the *Pierce* standard with no mention of a requirement for extraordinary circumstances to exist in order that a decision that was not supported by substantial evidence be substantially justified); *Segers v. Astrue*, 2009 WL 1289996 (E.D. Pa. 2009)(same); *Williams v. Astrue*, 595 F.Supp.2d 582 (E.D. Pa. 2009)(same).

not explicitly state that the burden was a "heavy" one, does not amount to a clear error of law. Therefore, plaintiff's claim is dismissed.

    For these reasons, plaintiff's motion must be denied.

    An appropriate order follows.


BY THE COURT:


 /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATE MAGISTRATE JUDGE